UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CV-61268-BLOOM/VALLE

SANDRA PURCELLA,

    Plaintiff,

v.

MERCANTILE ADJUSTMENT
BUREAU, LLC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon Plaintiff's Motion for Attorneys' Fees and Costs (the "Motion"). (ECF No. 23). United States District Judge Beth Bloom referred the Motion to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636. (ECF No. 25). The undersigned has reviewed the Motion, Defendant's Response (ECF No. 26), Plaintiff's Reply (ECF No. 27), Plaintiff's Notice of Previously Awarded Fees and Costs (ECF No. 31), and is otherwise duly advised in the matter. For the reasons set forth below, the undersigned recommends the Motion be **GRANTED IN PART AND DENIED IN PART**.

### I.   PROCEDURAL BACKGROUND

On June 6, 2018, Plaintiff filed a Complaint alleging violations of the Florida Consumer Collection Practices Act, §§ 559.55-559.785, Fla. Stat. ("FCCPA") (Counts I and II), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et. seq.* ("FDCPA") (Count III), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* ("TCPA") (Count IV). (ECF No. 1). On February 4, 2019, pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendant served Plaintiff with an Offer of Judgment for $1,001, "plus reasonable attorneys' fees and taxable costs . . . to be

determined by agreement of the parties and, if the parties cannot agree, by the Court upon Motion of the Plaintiff." (ECF No. 17-1 at 2-3). On February 5, 2019, Plaintiff filed its Notice of Acceptance of the Offer of Judgment. (ECF No. 17). On the same day, the Court entered an order administratively closing the case. (ECF No. 18). Subsequently, after various failed attempts to reach an agreement regarding fees, Plaintiff filed the instant Motion, seeking $7,125 in fees and $445 in costs incurred in litigating the case. (ECF No. 23 at 2-3).[1] Although Defendant does not contest Plaintiff's status as the prevailing party or entitlement to fees, Defendant challenges the attorneys' hourly rates, the number of hours expended, and other purported billing inefficiencies.[2] (ECF No. 26 at 2).

## II. PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

### A. Entitlement to Attorneys' Fees

Under the "American Rule," litigants are not entitled to an award of attorney's fees for prevailing in litigation "unless a statute or contract provides otherwise." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 382 (2013) (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010)); *see also In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005). As discussed previously, Defendant does not contest Plaintiff's entitlement to fees under the FCCPA and FDCPA, but challenges only the amount of the fees requested. (ECF No. 26 at 2). Accordingly, the undersigned

---

[1] By separate Order, Plaintiff was awarded $445 in costs. (ECF No. 29).

[2] Defendant concedes, and the undersigned agrees, that Plaintiff is entitled to fees under both the FCCPA and the FDCPA, but not the TCPA. (ECF No. 26 at 1 n.1); *see Ambroise v. American Credit Adjusters, LLC,* No. 15-2244-CIV, 2016 WL 6080454, at *4 (S.D. Fla. Mar. 22, 2016) (fees recoverable under the FDCPA and FCCPA, but not under the TCPA); *see also Southam v. Halsted Fin. Servs., LLC,* No. 9:15-CV-80460, 2015 WL 5215987, at *2 (S.D. Fla. Sept. 8, 2015) (fees and costs recoverable under FDCPA but not TCPA); *Bianchi v. Bronson & Migliaccio, LLP.,* No. 09-61164-CIV, 2011 WL 379115, at *2 (S.D. Fla. Feb. 2, 2011) (fees and costs recoverable under FDCPA and FCCPA). Nonetheless, the undersigned finds that because the facts underlying the FDCPA and FCCPA claims and the TCPA claim are "largely the same, Plaintiff is entitled to recover fees for all reasonable time expended despite counsels' failure to segregate time spent on the TCPA claim, for which fees are not recoverable." *Ambroise,* 2016 WL 6080454, at 5 n.2.

finds that Plaintiff is entitled to reasonable attorneys' fees. The Court next considers whether the fees requested are reasonable.

### B. The Lodestar Method of Determining Reasonable Fees

Courts in the Eleventh Circuit use the "lodestar" method to calculate the value of an attorney's services. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Under the lodestar method, a court first determines the reasonable rate of an attorney's services and then determines if the amount of hours expended by counsel was reasonable. *Id.* at 1299-1302. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* at 1299. The relevant legal community is "the place where the case is filed." *ACLU v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quotations and citation omitted). The movant "bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates," and "[s]atisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." *Norman*, 836 F.2d at 1299.

When determining whether the number of hours expended by counsel is reasonable, the court "must deduct time spent on discrete and unsuccessful claims." *Id.* at 1302. (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)). Further, where a court finds the number of hours claimed by counsel is unreasonably high, the court may conduct an hour-by-hour analysis or reduce the requested hours with an across-the-board cut, but not both. *Bivins v. Wrap it Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). Courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826,

3

838 (2011).  The essential goal for the court is to "do rough justice, not to achieve auditing perfection."  *Id.*

      **1.**     **Reasonable Hourly Rates**[3]

In accordance with the lodestar method, the undersigned first evaluates whether the rates submitted by Plaintiff's counsel are reasonable for the South Florida legal market.  Plaintiff moves to recover fees for four individuals from two different law firms, for a total of $7,125 for 17.5 hours of work expended by attorneys and support staff.  (ECF Nos. 23 at 2, 23-1, 23-2).  Plaintiff's attorneys' fees are allocated as follows:

| **REQUESTED FEES**[4] | | | | |
|---|---|---|---|---|
| **Timekeeper** | **Firm** | **Requested Hourly Rate** | **Requested Hours** | **Requested Fees** |
| Anthony Norman | Norman Firm | $450 | 11.5 | $5,175 |
| Laura Hoy | Loan Lawyers | $400 | 1.7 | $680 |
| Luis Ugaz | Loan Lawyers | $400 | 2.5 | $1,000 |
| Tony Duban (paralegal) | Loan Lawyers | $150 | 1.8 | $270 |
| **TOTALS:** | | | **17.5** | **$7,125** |

Plaintiff contends that these rates are reasonable given the legal skill and experience of each practitioner.  *Id.* at 6-8.  Defendant objects to the requested hourly rates, and argues that the Court

---

[3] In compliance with the Local Rules, the Motion states that "counsel took on representation . . . on a full contingency for both fees and costs."  (ECF No. 23 at 5); *see* Local Rule 7.3(a)(4) (providing that a motion for attorney's fees and costs must disclose the terms of any applicable fee agreement).

[4] Attorney Anthony C. Norman is described as a solo practitioner at the Law Firm of Anthony C. Morgan, in Grand Rapids, Michigan (the "Norman Firm"), and was a former associate at the Loan Lawyers, LLC ("Loan Lawyers").  (ECF No. 23 at 3-4).  Attorneys Laura Hoy and Luis Ugaz are Partners at Loan Lawyers. *Id.* 4-5.  Although not clearly stated, Paralegal Tony Dubon was employed as a paralegal at Loan Lawyers. *Id.* at 5.

should decrease attorney Norman's hourly rate to $350, attorney Hoy's and Ugaz's rate to $300, and paralegal Dubon's rate to $100.  (ECF No. 26 at 3).

The Loan Lawyers performed services from the inception of this case.  (ECF No. 23-1).  In addition, after attorney Norman left the Loan Lawyers in June 2018, he started the Norman Firm and continued to represent Plaintiff as co-counsel.  (ECF No. 23-2).  Unfortunately, as discussed more fully below, except for attorney Norman, the Motion provides limited professional background for the other individuals who worked on this matter.  (ECF No. 23 at 3-5).

According to the Motion and the Michigan Bar website, attorney Norman has been licensed in the State of Florida since September 2014, and in the State of Michigan since July 2018.  (ECF No. 23 at 3); State Bar of Michigan, Member Profile of Anthony Norman, https://www.zeekbeek.com/lawyers/49344-MI-Anthony-Norman-286613/list/yes (last visited Nov. 13, 2019).  He is also admitted to practice in the Middle and Southern Districts of Florida, and the Western District of Michigan.  (ECF No. 23 at 3).  In September 2014, attorney Norman joined John Webb Legal Group, P.L., as an Associate specializing in civil litigation, consumer law, business law, and foreclosure defense.  *Id.*  Between January 2016 and April 2017, attorney Norman was a Senior Associate at Johnathan Kline, P.A., focusing on foreclosure defense, consumer protection, and civil litigation.  *Id.* at 3-4.  In April 2017, attorney Norman joined the Loan Lawyers as an Associate, where he handled more than 100 federal lawsuits in the Southern District of Florida regarding violations of the TCCPA, FDCPA, FCCPA, and the Real Estate Settlement Procedures Act.  *Id.* at 4.  In June 2018, attorney Norman left Loan Lawyers to form The Law Firm of Anthony C. Norman, PLLC, in Grand Rapids, Michigan, where he continued to practice consumer protection, civil litigation, debt defense, and business law.  *Id.*  In addition, the Court's review of attorney Norman's Florida Bar profile reveals that he graduated from Florida Coastal School of Law in 2014.  *See* The Florida Bar, Member Profile of Anthony Charles Norman, https://www.floridabar.org/mybarprofile/112105 (last visited Nov. 13,

2019).  Most recently, attorney Norman is an Associate at Gravis Law, PLLC, in Grand Rapids, Michigan. *Id*.; *see also* (ECF No. 32) (Notice of Change of Firm Name and E-mail Address).

Attorney Laura Hoy has been licensed to practice law in the State of Florida since 2008. (ECF No. 23 at 4).  Attorney Hoy is also admitted in the United States Southern District of Florida. *Id.*  The Motion is silent regarding attorney Hoy's employment and experience between 2008 and 2012.  In 2012, attorney Hoy joined Loan Lawyers as an Associate doing foreclosure defense. *Id.*  In January 2016, she became a Partner in the foreclosure defense department. *Id*. at 4-5.  A year later, in January 2017, attorney Hoy became Managing Partner at Loan Lawyers, overseeing all departments at the firm, including the consumer protection department. *Id.* at 5.  In addition, the Court's review of attorney Hoy's Florida Bar profile indicates that she graduated from Loyola University New Orleans School of Law School of Law in 2008.  The Florida Bar, Member Profile of Laura L. Hoy, https://www.floridabar.org/mybarprofile/59025 (last visited Nov. 13, 2019).

Attorney Luis Ugaz has been licensed to practice law in the State of Florida since 2004.  (ECF No. 23 at 5)*.*  In addition, attorney Ugaz is admitted to practice before the United States Court of Appeals for the Eleventh Circuit and the Southern and Middle Districts of Florida. *Id*.; *see also* The Florida Bar, Member Profile of Luis F. Ugaz, https://www.floridabar.org/mybarprofile/786721 (last visited Nov. 13, 2019).  Without further elaboration, Plaintiff asserts that "Mr. Ugaz has been a litigator for a majority of his legal career [at] various law firms throughout the South Florida area.  Mr. Ugaz's experience includes working in the areas of consumer protection, civil litigation, foreclosure and title litigation, and insurance defense." *Id.*  The Court's review of attorney Ugaz's Florida Bar profile indicates that he graduated from St. Thomas University School of Law.  The Florida Bar, Member Profile of Luis F. Ugaz, https://www.floridabar.org/mybarprofile/786721 (last visited Nov. 13, 2019).  Attorney Ugaz appears to be currently employed as a Partner at Garcia Paez,

P.A., an insurance defense firm in Miami Lakes, Florida. *Id.; see also* https://garcialegalpa.com (last visited Nov. 13, 2019).

As to paralegal Dubon, Plaintiff provides little professional background. Dubon has been a paralegal since 2008 "with substantial state and federal paralegal experience." (ECF No. 23 at 5). Mr. Dubon is a Registered Paralegal, and previously worked at Christopher H. Saia, P.A. (from 2008 to 2016) and at Bruce Botsford, P.A. (from 2016 to 2018). *Id.* From the billing records attached to the Motion, it appears that Mr. Dubon began working as a paralegal on this case at Loan Lawyers in June 2018. *See* (ECF No. 23-1 at 2). Currently, Mr. Dubon is a Senior Trial Paralegal at Insurance Litigation Group, PA, in Miami. *See* https://www.restorationlaw.com/our-management-team (last visited Nov. 13, 2019).

Notably, neither the attorneys nor the paralegal in this case have been involved in any other cases in the Southern District of Florida in the last two years that have resulted in a fee award for their services. (ECF No. 31 at 1). Consequently, counsel invites the Court to consider two orders entered in *Lawrence v. Bayview Loan Servicing, LLC,* No. 16-21415-CV-RNS (S.D. Fla. 2017), awarding fees to *different* attorneys and a *different* paralegal from Loan Lawyers.[5] *See* (ECF Nos. 31-1 through 31-4) (attaching filings from *Lawrence*). In this regard, Plaintiff argues that "Mr. Norman obtained favorable opinions in the Southern District of Florida, including . . . in *Lawrence v. Bayview Loan Servicing, LLC,* for which the Court awarded Plaintiff's counsel $85,827.50 in attorneys fees and $400 per hour for partners and senior associates at Loan Lawyers." (ECF No 23 at 8). Although this statement implies that attorney Norman may have been part of the team awarded fees in *Lawrence,* that is simply not the case. Moreover, *Lawrence* is not determinative on what the proper fees should

---

[5] More specifically, in *Lawrence*, plaintiff was awarded fees pursuant to Rule 37 in connection with plaintiff's successful motion to compel, and again at the conclusion of the case, following the filing of Joint Stipulation for Final Order of Dismissal. *See* (ECF Nos. 75, 82, 90, 96).

7

be in this case for these attorneys and paralegal, given their individual backgrounds and levels of skill and experience.

Against this backdrop, the undersigned finds that a reduction of counsel's rates is appropriate for several reasons. First, Local Rule 7.3(a)(5)(A) requires that a motion for attorney's fees and costs provide "the identity, experience, and qualifications for each timekeeper for whom fees are sought." S.D. Fla. L.R. 7.3(a)(5)(A). As discussed above, however, the Motion provides little background regarding the experience and qualifications of attorneys Hoy and Ugaz, and almost no background regarding paralegal Dubon. For example, although attorney Hoy has been licensed to practice in Florida since 2008, joined Loan Lawyers in 2012, and became a partner in 2016, the Motion is silent regarding her experience litigating consumer protection cases and her overall legal experience between 2008 and 2012.[6] Similarly, although attorney Ugaz has been licensed to practice in Florida since 2004, the Motion contains only a vague general reference to his experience in consumer protection. (ECF No. 23 at 5). Finally, the only support given for paralegal Dubon's $150 hourly rate is that he has been a paralegal since 2008 and has "substantial state and federal paralegal experience." *Id.* This lack of background information warrants a reduction in the claimed rates.

Attorney Norman's rates should also be reduced. First, although attorney Norman has only been a licensed attorney in Florida for approximately five years, the Court accepts his representation that he has developed an active practice specializing in consumer protection law, including TCPA, FCCPA, and FDCPA matters. *Id.* at 3-4. But these types of cases are not particularly novel or difficult. *See, e.g.*, *Bianchi v. Bronson & Migliaccio, LLP*, No. 09-61164-CIV, 2011 WL 379115, at *3 (S.D. Fla. Feb. 2, 2011), *report and recommendation adopted*, No. 09-61164, 2011 WL 13173770 (S.D. Fla. Feb. 18, 2011) (awarding counsel $350 an hour in FDCPA/FCCPA/TCPA case that was

---

[6] Without this information, the undersigned cannot determine whether attorney Hoy began to practice law in 2008 upon graduation, or in 2012 when she joined Loan Lawyers as an associate.

8

not novel or difficult); *Sclafani v. I.C. Sys., Inc.*, No. 09-60174-CIV-O'SULLIVAN, 2010 WL 1029345, at *2 (S.D. Fla. Mar. 18, 2010) (awarding attorney $300 an hour in a FDCPA/FCCPA/TCPA case).  Moreover, although attorney Norman may have been awarded an hourly rate of $450 in two state foreclosure defense cases (in Broward and Miami-Dade counties), *see* (ECF No. 23 at 4), those fees do not control what is a reasonable rate in the TCPA, FDCPA or FCCPA context.

Second, while the Motion indicates that the attorneys billed this matter at rates of $450 and $400, the Motion does not indicate whether these hourly rates were their respective customary fee. (ECF No. 23 at 3-5); *see also Bivins*, 548 F.3d at 1350 n.2 (stating the court should consider the factors in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), one of which is the movant's customary fee).[7]

Third, Plaintiff has failed to meet her burden to produce "satisfactory evidence that the requested rate is in line with prevailing market rates."  *Norman,* 836 F.2d at 1299; *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354 (11th Cir. 2000) ("Establishing a claimed market rate is the plaintiff's burden."); *Tiara Condo. Ass'n, Inc. v. Marsh USA, Inc.,* 697 F. Supp. 2d 1349, 1364 (S.D. Fla. 2010) ("It is well settled that a fee applicant's failure to provide evidence supporting the requested rates is sufficient justification for reducing the requested fee award."). "Typically, a fee applicant provides an expert affidavit to support the reasonableness of the hourly rates sought."  *Tiara Condo.*

---

[7] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Johnson,* 488 F.2d at 717-19, abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87 (1989).  Moreover, in *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981), this Court adopted as binding precedent all decisions of the former Fifth Circuit issued prior to the close of business on September 30, 1981.  Plaintiff's Motion, however, fails to address many of the *Johnson* factors.

*Ass'n,* 213 F. 3d at 1363. Plaintiff, however, did not submit any affidavits to support the claimed fees, and relies solely on the verified Motion that the claimed hourly rates ($450, $400, and $150) are consistent with the rates charged by attorneys with similar experience and skill in this District. *See* (ECF No. 23 at 6-8, 10). But this is insufficient to satisfy Plaintiff's burden. *See Norman*, 836 F.2d at 1299 ("Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work.").

Lastly, the Court is "deemed an expert on the issue of hourly rates in this community and may properly consider 'its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" *Fiedler v. Anglin's Beach Café, LLC*, No. 15-60989, 2017 WL 1278632, at *1 (S.D. Fla. April 3, 2017) (quoting *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). Accordingly, the undersigned concludes that $350 is a reasonable hourly rate for the work performed by attorney Norman, $300 is a reasonable hourly rate for the work performed by attorneys Hoy and Ugaz, and $125 is a reasonable hourly rate for the work performed by paralegal Dubon based on their experience, qualifications, and the prevailing market rates in South Florida.

### 2. Reasonable Hours Expended

Having determined counsel's reasonable hourly rates, the undersigned next determines the reasonableness of the hours expended. Plaintiff requests attorneys' fees for a total of 17.5 hours, asserting that the number of hours expended is "very reasonable in light of the issues presented in the case." (ECF No. 23 at 2, 9). According to Plaintiff, the case "was litigated over a period of 8 months with discovery requests propounded by both parties," so that an expenditure of only 17.5 hours reflects the attorneys' experience and efficiency. *Id.* at 9. Defendant, on the other hand, argues that the hours expended are excessive or inappropriate as reflected by billing entries that: (i) do not sufficiently describe the tasks performed; (ii) improperly contain clerical and administrative tasks;

10

and (iii) are excessive given that the case settled without motions (other than the instant Motion) and with only limited discovery. (ECF No. 26 at 7).

The undersigned has reviewed counsel's billing records, (ECF Nos. 23-1 and 23-2), and finds that adjustment is necessary to account for various billing inefficiencies. First, the undersigned finds that many entries are so vague as to impede meaningful review by this Court. For example, many entries merely state: "E-mail to OC" or "E-mail from OC," without further description. *See, e.g.,* (ECF No. 23-1) (entries dated 7/20/18, 8/1/18, 8/2/18, 9/28/18, 10/2/18, and 10/17/18); (ECF No. 23-2) (entries dated 1/2/19, 1/21/19, 1/31/19, 2/1/19). "A court may deduct hours from the time billed if it finds that the billing entries are either unacceptably vague or so heavily redacted that it cannot discern the legal services provided." *Meyrowitz v. Brendel*, No. 16-81793-CV-MARRA/MATTHEWMAN, 2018 WL 4440492, at *6 (S.D. Fla. Sept. 17, 2018) (citing *Tiara Condo. Ass'n*, 697 F. Supp. 2d 1349, 1367 (S.D. Fla. 2010)); *see also Bujanowski v. Kocontes,* No. 8:08-CV-0390-T-33EAJ, 2009 WL 1564263, at *2 (M.D. Fla. Feb. 2, 2009) (noting that a time entry may be discounted where the description of the work performed is overly vague).

Second, a deduction is also warranted to account for time spent in the performance of non-legal administrative and clerical tasks. *Oreilly v. Art of Freedom Inc.,* No. 17-CV-21251, 2018 WL 6616445, at *4 (S.D. Fla. Dec. 14, 2018) (holding that "fees incurred in commission of non-legal or administrative tasks are not compensable."). The billing records contain multiple entries reflecting clerical and administrative tasks, such as calendaring events, opening file, drafting cover sheet and summons, linking emails to file, updating file, scanning documents, saving to file, and filing legal documents with the Court. *See, e.g.,* (ECF No. 23-1) (entries dated 6/6/18, 6/7/18, 6/8/18, 6/29/18, 7/31/18, and 9/12/18); (ECF No. 23-2) (entries dated 12/13/18, 1/18/19). Plaintiff argues that attorney Norman was a solo practitioner who did "not have the luxury of an assistant" to maintain or update the case file and perform other clerical and administrative duties. (ECF No. 27 at 4). Even so, "an

applicant for attorney's fees 'is not entitled to compensation at an attorney's rate simply because an attorney undertook tasks [that] were mundane, clerical, or which did not require the full exercise of an attorney's education and judgment.'" *Celestine v. JP Morgan Chase Bank, N.A.*, No. 17-CV-20915, 2018 WL 6812675, at *6 (S.D. Fla. Oct. 24, 2018) (citing *Tiramisu Int'l LLC v. Clever Imports, LLC*, 741 F. Supp. 2d 1279, 1297 (S.D. Fla. 2010)).

For the foregoing reasons, the undersigned concludes that a reduction in the number of hours expended is appropriate. Rather than conducting an hour-by-hour analysis of counsel's time entries, the undersigned recommends an across-the-board 10% reduction to the total hours incurred to account for counsel's vague time entries and inappropriate billing. *See, e.g., Ovalle v. Perez*, No. 16-CV-62134, 2017 WL 7792719, at * 4 (S.D. Fla. Nov. 9, 2017) (recommending a 10% reduction for use of block billing, redacted time entries, and redundancy in efforts); *Shipping and Transit, LLC v. 1A Auto, Inc.*, 283 F. Supp. 3d 1290 (S.D. Fla. 2017) (adopting recommendation for a 15% reduction in fees based on billing inefficiencies); *Rubenstein v. The Florida Bar*, No. 14-CV-20786, 2015 WL 1470633, at *4-6 (S.D. Fla. Mar. 31, 2015) (recommending a 30% reduction to counsel's hours for use of block billing), *report and recommendation adopted*, 2015 WL 11216722, at *1 (S.D. Fla. Apr. 22, 2015); *see also Bivins*, 548 F.3d at 1350 (noting that when the number of hours claimed is unreasonably high, a court may conduct an hour-by-hour analysis or may reduce the requested hours with an across-the-board cut).

Consequently, the undersigned recommends that Plaintiff be awarded fees as calculated below.

12

| **RECOMMENDED FEES** | | | | | |
|---|---|---|---|---|---|
| **Timekeeper** | **Requested Rate** | **Reduced Rate** | **Requested Hours** | **Hours Reduced by 10%** | **Reduced Fees** |
| Anthony Norman | $450 | $350 | 11.5 | 10.35 | $3,622.50 |
| Laura Hoy | $400 | $300 | 1.7 | 1.53 | $459 |
| Luis Ugaz | $400 | $300 | 2.5 | 2.25 | $679 |
| Tony Duban (paralegal) | $150 | $125 | 1.8 | 1.62 | $202.50 |
| **TOTALS:** | | | **17.5** | **15.75** | **$4,963** |

Based on the foregoing rates and hours, the undersigned recommends that the Motion for attorneys' fees be **GRANTED IN PART AND DENIED IN PART** to award Plaintiff $4,963 in attorneys' fees.

### III.   RECOMMENDATION

Accordingly, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion (ECF No. 23) be **GRANTED IN PART AND DENIED PART**.  Plaintiff should be awarded a total of **$4,963** in attorneys' fees.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2019); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on November 13, 2019.

*[signature]*
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Beth Bloom
    All Counsel of Record